IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFREDO LOPEZ and JULIO HUESCA, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>RELIABLE CLEAN-UP AND SUPPORT SERVICES, LLC, RELIABLE BROTHERS CONSTRUCTION, LLC, DANIEL SANTOS, and LUCIANO SANTOS<br><br>*Defendants.* | § § § § § § § § § § § § § § § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)<br><br><br><br><br><br>Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Alfredo Lopez and Julio Huesca, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members," respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against Reliable Clean-Up and Support Services, LLC, Reliable Brothers Construction, LLC, Daniel Santos, and Luciano Santos (collectively referred to as "Defendants"). Plaintiffs bring this suit to recover unpaid "off the clock" hours worked and unpaid overtime wages. Plaintiffs show as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District.

3. Defendants have sufficient minimum contacts with this forum such that the Court

has personal jurisdiction over the Defendants.

## II. THE PARTIES

4. Plaintiff Alfredo Lopez is a resident of Texas and resides in this judicial district. His written consent to this action is attached as Exhibit A.

5. Plaintiff Julio Huesca is a resident of Texas and resides in this judicial district. His written consent to this action is attached as Exhibit B.

6. The "Class Members" are all current and former employees who worked for Defendants in and around the Dallas-Ft. Worth Metroplex and in South Carolina, at any time three years before the filing of this lawsuit or later.

7. Defendant Reliable Clean-Up and Support Services, LLC, ("Reliable Clean-Up") is a limited liability company formed and licensed to do business in the State of Texas. Defendant Reliable Clean-Up may be served with process through its registered agent, Luciano Santos, at 1210 S. Perry Rd., Carrollton, Texas 75006, or wherever he may be found.

8. Defendant Reliable Brothers Construction, LLC, ("Reliable Construction") is a limited liability company formed and licensed to do business in the State of Texas. Defendant Reliable Brothers Construction, LLC, may be served with process through its registered agent, D.L. Long, at 600 E. John Carpenter Freeway, Suite 340, Irving, Texas 75062, or wherever he may be found.

9. Defendant Daniel Santos is an individual who resides in Texas, and is the co-owner of Defendants Reliable Clean-Up and Support Services, LLC, and Reliable Brothers Construction, LLC. Defendant Daniel Santos may be served at 1725 E. Crosby Rd., Carrollton, Texas 75006, or wherever he may be found.

10. Defendant Luciano Santos is an individual who resides in Texas, and is the co-owner of Defendants Reliable Clean-Up and Support Services, LLC, and Reliable Brothers Construction, LLC. Defendant Luciano Santos may be served at 1210 S. Perry Rd., Carrollton, Texas 75006, or wherever he may be found.

### III. COVERAGE

11. During all of the relevant time period, each of the Defendants have been employer(s) or joint employer(s) of each of the Plaintiffs and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. During all of the relevant time period, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiffs and Class Members.

13. During all of the relevant time period, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. During all of the relevant time period, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1). Further, during all of the relevant time period, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. During all of the relevant time period, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

§§ 206-207.

## IV. FACTUAL ALLEGATIONS

16. Defendants operate construction and construction cleaning businesses that specializes in residential and commercial remodeling and renovations and make-ready construction cleaning.

17. David Santos and Luciano Santos are the owners and sole corporate officers of both Reliable Clean-Up and Support Services, LLC. Both have the power to act on behalf of the company vis-à-vis its employees, including the power to establish company pay practices, and to hire and fire employees.

18. David Santos and Luciano Santos are the owners and sole corporate officers of both Reliable Brothers Construction, LLC. Both have the power to act on behalf of the company vis-à-vis its employees, including the power to establish company pay practices, and to hire and fire employees.

19. At all times relevant to this action, the Defendants were joint "employers" of the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times relevant, and as a matter of economic reality, Plaintiffs were jointly employed by each of the Defendants.

21. For purposes of this action, the "relevant time period" is defined as the period commencing three years and one week prior to the date this lawsuit was filed, and continuing thereafter.

22. During the relevant time period, Defendants assigned Plaintiffs and Class members to work at jobsites in and around the Dallas/Ft. Worth Metroplex and in South Carolina.

23. During the relevant time period, Defendants assigned certain Plaintiffs and Class Members to perform residential and commercial remodeling and renovation work, including, interior and exterior painting, tile work, sheetrock, concrete. Defendants also assigned certain Plaintiffs and Class Members to perform make-ready construction cleaning work, including, washing windows, trash pick-up and sweeping, and power washing driveways and parking lots.

24. The Plaintiffs and Class Members regularly worked 50 or more hours per week, but Defendants paid them only their regular straight-time rates for their overtime hours instead of one-and-one-half times their regular rates of pay.

25. Throughout their employment for the Defendants, the Plaintiffs and Class Members also were regularly forced to work "off the clock"—work time that was not recorded and for which they were not compensated at all.

26. During most of the relevant time period, Defendants compensated the Plaintiffs and Class Members using a scheme that included payment of overtime hours worked at their regular hourly rate designated as "other" compensation on their pay checks.

27. Upon information and belief, since the end of Plaintiffs' employment and to the present, Defendants fail to comply with the FLSA in paying time and a half for all workers' overtime hours.

28. Through these schemes, the Defendants have recorded less than the full amount of Plaintiffs' and Class Members' hours worked and regularly failed to pay any overtime compensation in weeks in which they worked in excess of 40 hours during the week.

29. Defendants Reliable Clean-Up and Support Services, LLC, Reliable Brothers Construction, LLC, while nominally separate companies, are so interrelated and their operations so integrated that they constitute a single joint employer and enterprise to which the Plaintiffs

provided labor. Facts demonstrating this include:

    a. Each of the company Defendants have the same owner and corporate offices.

    b. Each of the company Defendants have overlapping and shared business addresses and offices.

    c. The Plaintiffs and Class Members labored on projects under the control of and for the benefit of each of the company Defendants.

30. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs and Class Members for all hours worked and their required overtime compensation.

## V. COLLECTIVE ACTION ALLEGATIONS

31. The Class Members are similarly situated to the named Plaintiffs in that their relevant job duties were the same as the Plaintiffs and they were subject to the same illegal pay policies or practices that are the basis for this action.

32. The Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, the Plaintiffs' experience is typical of the experience of the Class Members.

33. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The essential questions of law and fact are common to the Plaintiffs and the Class Members.

34. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representatives of a group of similarly situated individuals.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants, the following:

A. An award of all unpaid overtime compensation;

B. An equal amount as liquidated damages under the FLSA;

C. Reasonable attorney's fees, costs, and expenses of this action;

D. Post-judgment interest; and

E. Such other relief to which they may be entitled.

Respectfully submitted,

  /s/ *Gonzalo Serrano*

**GONZALO SERRANO**
State Bar No. 94093134
gserrano@equaljusticecenter.org

**MICHAEL O'KEEFE COWLES**
State Bar No. 24082865
mcowles@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
1801 N. Lamar, Suite 325
Dallas, Texas 75202
(469) 203-2150
(469) 629-5045 (FAX)

**ATTORNEYS FOR PLAINTIFFS**