IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED LOPEZ and JULIO HUESCA, Individually and on behalf Of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>RELIABLE CLEAN-UP AND SUPPORT SERVICES, LLC., RELIABLE BROTHERS CONSTRUCTION, LLC, DANIEL SANTOS, and LUCIANO SANTOS<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | FLSA Collective Action Pursuant to<br>29 U.S.C. § 216(b)<br><br><br><br><br><br>CIVIL ACTION NO.: 3:16-cv-02595-D |

_____

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Reliable Clean-Up and Support Services, LLC., Reliable Brothers Construction, LLC, Daniel Santos, and Luciano Santos, (collectively, "Defendants"), Defendants in the above styled cause, and files this their *ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES* to *PLAINTIFFS' ORIGINAL COMPLAINT*, and in support would show unto the Court:

### I.
### ANSWER

**Jurisdiction and Venue**

1. Defendants admit that this Court has jurisdiction over Plaintiffs' Original Complaint ("Complaint") pursuant to 29 U.S.C. § 216(b), 1331 and 1337.
2. Defendants admit the allegations contained in paragraph 2 of the Complaint.
3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

**Parties**

4. Defendants admit, upon information and belief, that Plaintiff Alfredo Lopez is a resident of Texas and resides in this judicial district.

5. Defendants admit, upon information and belief, that Plaintiff Julio Huesca is a resident of Texas and resides in this judicial district.

6. Defendants are without sufficient information or knowledge to admit or deny that the "class members" mentioned in the Complaint are all current employees and former employees who work for Defendants or whether if they were employees whether they worked in and around the DFW Metroplex or in South Carolina. Defendants also are without sufficient information or knowledge to admit or deny that the "class members" worked for the Defendants at any time in the three years before the filing of this lawsuit. Defendants expressly deny that this dispute is ripe for "collective action" treatment, and further denies that it failed to compensate its employees consistent with the federal Fair Labor Standards Act.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

**Coverage**

11. Defendants deny that, during all of the relevant time period, each of the Defendants were an employer(s) or joint employer(s) of each of the Plaintiffs and alleged Class Members within the meaning of Section 3 (d) of the FLSA, 29 U.S.C. § 203 (d).

12. Defendants deny that, during all of the relevant time period, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiffs and alleged Class Members.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny that during all of the relevant time period Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.§§206-207.

**Factual Allegations**

16. Defendants admit that they operate construction and construction cleaning businesses that specializes in residential and commercial remodeling and renovations and make-ready construction cleaning.

17. Defendant Daniel Santos and Defendant Luciano Santos admit they are the owners and sole corporate officers of both Reliable Clean-Up and Support Services, LLC. Further Defendants admit that they both have the power to act on behalf of the company vis-à-vis its employees, including the power to establish company pay practices, and to hire and fire employees.

18. Defendant Daniel Santos and Defendant Luciano Santos admit they are the owners and sole corporate officers of Reliable Brothers Construction, LLC. Further Defendants admit that they both have the power to act on behalf of the company vis-à-vis its employees, including the power to establish company pay practices, and to hire and fire employees.

19. Defendants deny that at all times relevant to this action, the Defendants were joint "employers" of the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. Defendants deny that at all times relevant, and as a matter of economic reality, Plaintiffs were jointly employed by each of the Defendants.

21. Defendants do not have the information to admit or deny whether for purposes of this action, the "relevant time period" is defined as the period commencing three years and one week prior to the date this lawsuit was filed, and continuing thereafter.

22. Defendants deny that they assigned Plaintiffs and "Class Members" to work at

jobsites in and around the Dallas/Ft. Worth Metroplex and in South Carolina. Defendant expressly denies that this dispute is ripe for "collective action" treatment, and further denies that it failed to compensate its employees consistent with the federal Fair Labor Standards Act.

23. Defendants admit that during the relevant time period, Defendants assigned certain employees to perform residential and commercial remodeling and renovation work, including, interior and exterior painting, tile work, sheetrock, concrete. Defendants admit they also assigned certain employees to perform make-ready construction cleaning work, including, washing windows, trash pick-up and sweeping, and power washing driveways and parking lots. Defendants deny the remainder of the allegations made in said Paragraph.

24. Defendants deny that Plaintiffs and "Class Members" regularly worked 50 or more hours per week, and deny that Defendants paid them only their regular straight-time rates for their overtime hours instead of one-and-one-half times their regular rates of pay. Defendant expressly denies that this dispute is ripe for "collective action" treatment, and further denies that it failed to compensate its employees consistent with the federal Fair Labor Standards Act. Further answering, Defendants deny the remaining allegations contained in paragraph 24.

25. Defendants deny that Plaintiffs and "Class Members" were regularly forced to work "off the clock"—work time that was not recorded and for which they were not compensated at all.

26. Defendants deny that Plaintiffs and "Class Members were compensated using any scheme. Defendants expressly deny that it failed to compensate its employees consistent with the federal Fair Labor Standards Act. Further answering, Defendants deny the remaining allegations contained in paragraph 26.

27. Defendants expressly deny that it failed to compensate its employees consistent with the federal Fair Labor Standards Act. Further answering, Defendants deny the remaining allegations contained in paragraph 27.

28. Defendants expressly deny that it failed to compensate its employees consistent

with the federal Fair Labor Standards Act. Further answering, Defendants deny the remaining allegations contained in paragraph 28.

29. Defendants Reliable Clean-Up and Support Services, LLC, Reliable Brothers Construction, LLC, deny that they are so interrelated and their operations so integrated that they constitute a single joint employer and enterprise to which the Plaintiffs provided labor. Defendants deny the remainder of the allegations made against them in said Paragraph.

30. Defendants deny all allegations in Paragraph 30.

**COLLECTIVE ACTION ALLEGATIONS**

31. Defendants deny all allegations in Paragraph 31.

32. Defendants deny all allegations in Paragraph 32.

33. Defendants do not have sufficient information to deny or admit the allegations contained in Paragraph 33. Defendant admits that most employees are entitled overtime compensation for hours worked in excess of 40 hours per week.

34. Defendants admit that Plaintiffs purport to bring this matter as a "collective action" claiming overtime compensation violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, but Defendants expressly deny that this dispute is ripe for "collective action" treatment, and further denies that it failed to compensate its employees consistent with the federal Fair Labor Standards Act. Further answering, Defendant denies the remaining allegations contained in paragraph 34 of the Complaint.

**II.**

**AFFIRMATIVE DEFENSES**

1. Defendants will show that they did not deprive Plaintiffs of any of their federally secured rights.

2. Defendants deny that any actions or omissions were committed with malice, recklessness or deliberate indifference to the Plaintiffs' rights.

3. Defendants will show that the Plaintiffs claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

## III.

## ATTORNEY FEES AND COSTS OF COURT

Defendants assert that they are entitled to reasonable costs, attorney's fees and fees for expert witnesses pursuant to Federal Rules of Civil Procedure 54 (d) and applicable case law.

WHEREFORE, PREMISES CONSIDERED, Defendants **Reliable Clean-Up and Support Services, LLC., Reliable Brothers Construction, LLC, Daniel Santos,** and **Luciano Santos** pray that Plaintiffs take nothing against them; that they recover their reasonable attorney's fees and costs incurred in defending themselves from the Plaintiff's FLSA claims; and that they have such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully,

_____s/ Rhonda Cates_____
Rhonda Cates
SBN 24012402

LAW OFFICE OF RHONDA E. CATES, PLLC
675 Town Square Blvd.
Suite 200
Garland, Texas 75040
214.299.7700 telephone
214.299.7701 facsimile
rhondacateslaw@gmail.com

**ATTORNEY FOR DEFENDANTS** Reliable Clean-Up and Support Services, LLC., Reliable Brothers Construction, LLC, Daniel Santos, and Luciano Santos

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Dallas, using the electronic case filing system of the court. The electronic filing system sent a "notice of electronic filing" to the following attorneys of record and I have also faxed a copy of this document to the number listed below:

**Gonzalo Serrano and Michael O'Keefe Cowles**
**Equal Justice Center**
**1801 N. Lamar, Suite 325**
**Dallas, Texas 75202**
**Fax (469) 629-5045**

                                                              _____s/ Rhonda Cates_____
                                                              Rhonda Cates