IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFREDO LOPEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-2595-D |
| | § | |
| RELIABLE CLEAN-UP AND SUPPORT | § | |
| SERVICES LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiffs Alfredo Lopez, Julio Huesca, and Guillermo Zavala have filed a Motion for Protective Order, *see* Dkt. No. 33 (the "MPO"), asking the Court "to enter a protective order prohibiting Defendants from reporting any plaintiff or witness in this action to immigration or other law enforcement authorities, threatening the same, or otherwise retaliating against any of the plaintiffs or witnesses for participating in this lawsuit," *id.* at 1. United States District Judge Sidney A. Fitzwater has referred the MPO to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 47.

Defendants Reliable Brothers Construction LLC, Reliable Clean-Up and Support Services LLC, Daniel Santos, and Luciano Santos have filed a response. *See* Dkt. No. 39, and Plaintiff filed a reply, *see* Dkt. No. 46.

For the reasons explained below, the Court should deny Plaintiffs' Motion for Protective Order [Dkt. No. 33] without prejudice.

**Background**

Plaintiffs explain that they "filed suit, on behalf of themselves and all others similarly situated, on September 09, 2016 under the Fair Labor Standards Act, 29 U.S.C. §216(b) ('FLSA') to recover their unpaid overtime wages" and that, "[o]n September 13, 2016, Plaintiff Guillermo Gomez Zavala filed his Notice of Consent to be a Party Plaintiff." Dkt. No. 33 at 1.

According to Plaintiffs, "[i]n approximately September 2016, Defendant Daniel Santos approached Plaintiff Guillermo Gomez Zavala's wife, Blanca Gutierrez, who was employed by Defendants at the time, to discuss this lawsuit," and "Defendant Daniel Santos instructed Gutierrez to tell Gomez Zavala words to the effect that if Gomez Zavala proceeded with the lawsuit, Santos would report him to law enforcement authorities in order to get him deported." *Id.* at 1-2.

Based on these facts, Plaintiffs ask the Court to invoke its "inherent authority to issue a protective order to prevent witness tampering or harassment" and "respectfully request that this Court enter an order prohibiting Defendants from reporting any plaintiff or witness in this action to immigration or other law enforcement authorities, threatening the same, or otherwise retaliating against any of the plaintiffs or witnesses in this action." *Id.* at 2, 4. Plaintiffs contend that "[a] protective order would not interfere with Defendants' constitutional rights because reporting or threatening to report plaintiffs to immigration or law enforcement in retaliation for filing a FLSA lawsuit is illegal." *Id.* at 3.

Defendants respond that the evidence that Plaintiffs present does not constitute

retaliation as suggested by the case law cited in the MPO and that Plaintiffs have admittedly waited over a year (close to 13 months) to unnecessarily bring about this issue before the Court. *See* Dkt. No. 39.

Plaintiffs reply that "Defendants do not dispute the fact underlying Plaintiffs' [MPO]: that Defendant Daniel Santos threatened to report Plaintiff Guillermo Gomez to law enforcement authorities in order to get him deported if he proceeded with this lawsuit." Dkt. No. 46 at 1. Plaintiffs explain that Defendants instead "argue that, even if they did threaten the Plaintiff as alleged, this Court cannot and should not do anything to stop them"; that "Defendants are wrong"; and that "[t]he law is clear that such conduct is illegal, and this Court has the inherent authority to issue, at the very least, the modest remedy of a protective order prohibiting it." *Id.* at 1-2. Plaintiffs contend that, "[a]lthough Defendants' conduct may warrant more serious sanctions, Plaintiffs simply request the protection of this Court's order prohibiting further threats or retaliation." *Id.* at 4.

**Legal Standards and Analysis**

I.  Plaintiffs have provided competent evidence.

As a threshold matter, Defendants dispute whether the 28 U.S.C. § 1746 Declaration of Blanca Gutierrez submitted with the MPO is competent evidence based on its translation from Spanish to English. The Court need not linger long on this issue. Although Defendants point out deficiencies in Plaintiffs' proving up the interpreter's qualifications and certification of the translation of the original declaration, Plaintiffs submitted in reply the same declaration with a translation and

-3-

translator's certificate that addresses these concerns. Although the Court does not ordinarily consider evidence presented for the first time in reply, *see Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991), Plaintiffs presented the substance of this evidence in their MPO, and Defendants addressed the substance of it in response. There is no unfair prejudice in considering the 28 U.S.C. § 1746 Declaration of Blanca Gutierrez [Dkt. No. 46-1].

II.  <u>Plaintiffs have not made the required showing for the relief that they seek.</u>

Plaintiffs ask the Court to issue their requested protective order under the Court's "inherent authority to 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" Dkt. No. 33 at 2 (quoting *In re Goode*, 821 F.3d 553, 558-59 (5th Cir. 2016) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))). Plaintiffs note that "'[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process'" and that "[t]hat discretion can range from dismissal of a lawsuit to assessment of attorney's fees, to issuing lawful orders and enforcing compliance through civil contempt." *Id.* (quoting *Chambers*, 501 U.S. at 45; citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).

And, citing an out-of-circuit district court decision, Plaintiffs explain that, "[m]ore specifically, district courts under their inherent authority may issue protective orders to prevent witness tampering or harassment." *Id.* (citing *United States v. Carmichael*, 326 F. Supp. 2d 1267, 1277 (M.D. Ala.), *supplemented*, 326 F. Supp. 2d 1303 (M.D. Ala. 2004)). Plaintiffs further assert that, "even though [t]he reporting of any violation of the criminal laws is conduct which ordinarily should be encouraged,

-4-

an employer's reporting of workers to immigration officials is illegal when it is done in retaliation for statutorily protected activity" and that "[a]n employer has no First Amendment right to engage in retaliatory conduct prohibited under the FLSA." *Id.* at 3 (internal quotation marks and citations omitted). According to Plaintiffs, "[s]everal courts have recognized causes of action for retaliation under the FLSA where an employer or its agent reported workers to immigration or law enforcement authorities"; "[l]ikewise, a threat to report employees to immigration officials can constitute retaliation, even in the absence of actual reporting"; and, "[b]ecause the requested protective order would only prohibit illegal retaliation, it does not interfere with the Defendants' constitutional rights." *Id.* at 3-4 (emphasis removed).

But the *Carmichael* decision in a criminal case from an Alabama district court is based on a statute addressing requests by a government attorney for a protective order prohibiting harassment of a victim or witness in a federal criminal case or investigation, *see* 18 U.S.C. § 1514(b)(1) – which does not apply here – as well as a "court's inherent authority or discretion to regulate the actions of trial participants," which is "limited by the constitutional rights of the parties," *Carmichael*, 326 F. Supp. 2d at 1279.

The United States Court of Appeals for the Fifth Circuit has explained that a district court's "inherent power is limited and interpreted narrowly, and its reach is limited by its ultimate source – the court's need to orderly and expeditiously perform its duties." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) (footnotes omitted). And, although the Court's inherent power may support an injunction in appropriate

circumstances, the use of that authority is still bounded by the limits of Article III and the usual requirements for issuance of an injunction. *See In re Stewart*, 647 F.3d 553, 557-58 (5th Cir. 2011).

The Fifth Circuit has explained that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"; "that a claim for injunctive relief must have its own Article III footing, separate from the past injury that supports claims for retrospective relief"; and that, "to obtain injunctive relief, the plaintiff must establish a real and immediate threat that he w[ill] again suffer similar injury in the future" and that, "[a]bsent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *Id.* at 557 (footnotes and internal quotation marks omitted). "Although past wrongs may help establish the threat of a future injury, they are insufficient alone." *Aransas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014).

Thus, "[t]o be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Or, as the Supreme Court of United States recently put the standard, "'[a] plaintiff seeking a preliminary injunction must establish that

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Similarly, "[w]here a plaintiff seeks permanent injunctive relief, the test is the same, except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of such success." *1621 Coit Road Realty LLC v. Midwest TX Realty LLC*, No. 3:16-cv-3337-D, 2017 WL 194315, at *2 (N.D. Tex. Jan. 18, 2017) (internal quotation marks omitted).

And that is what Plaintiffs are asking for, while couching their request in terms of a "protective order" as the inapplicable provisions of 18 U.S.C. § 1514 provide – an injunction against Defendants as to all plaintiffs and witnesses in this case based on one defendant's past conduct toward one plaintiff's spouse. Invoking the Court's limited and narrowly interpreted inherent powers does not relieve Plaintiffs of making the required showing to obtain this relief. And, for at least two reasons, they have not done so here.

First, Plaintiffs rely entirely on one incident that admittedly occurred over a year ago. *See Aransas Project*, 775 F.3d at 648; *Stewart*, 647 F.3d at 557-58. That will not alone support injunctive relief, particularly that as broad as the order that Plaintiffs request. Plaintiffs argue that "[w]hy Plaintiffs were unable to obtain the testimony underlying their Motion until recently is irrelevant, especially given that Defendants do not dispute the fact that the threat was made," and that "Defendants

offer no logical explanation for why a Court should ignore misconduct that occurred in a lawsuit still pending before the Court, merely due to a delay in a party's ability to obtain the admissible evidence necessary to present the matter to the Court." Dkt. No. 46 at 4. But, even as to the individuals involved – Defendant Daniel Santos, Plaintiff Guillermo Gomez Zavala, and his wife Blanca Gutierrez – Plaintiffs present no evidence of any additional or continuing alleged threatening or retaliatory conduct.

Second, although Plaintiffs assert that they "need not plead or prove the elements of a separate cause of action for retaliation in order for this Court to exercise its inherent authority 'to fashion an appropriate sanction for conduct which abuses the judicial process'" and that "district courts under their inherent authority may issue protective orders to prevent witness tampering or harassment," Dkt. No. 46 at 3-4 (quoting *Chambers*, 501 U.S. at 45), Plaintiffs' request could be interpreted as a request for a preliminary or permanent injunction based on a FLSA retaliation claim that they have not pleaded. That, too, would not be a proper grounds for entering the order that they seek. *See generally Humana Ins. Co. v. Tenet Health Sys.*, No. 3:16-cv-2919-B, 2016 WL 6893629, at *30-*36 (N.D. Tex. Nov. 21, 2016) (rejecting request for a preliminary injunction based on unpleaded claims). Plaintiffs ask the Court to determine the merits of a FLSA retaliation cause of action based on a single alleged incident and to, based on that determination that Ms. Santos's conduct was illegal retaliation, impose injunctive relief on each of the Defendants to prohibit the same reporting any plaintiff or witness in this action to immigration or other law enforcement authorities – which none of the Defendants is even alleged to have yet

done – or threatening the same or retaliating in any other unspecified way against any of the Plaintiffs or witnesses in this action. While couching their request in terms of alleged litigation misconduct or abuse of the judicial process meriting inherent power sanctions under *Chambers v. NASCO, Inc.*, Plaintiffs have not made the required showing for this relief on this motion.

Without passing on the propriety of the conversation with Mr. Santos to which Ms. Gutierrez has testified, the Court should deny without prejudice Plaintiffs' request for "a protective order prohibiting Defendants from reporting any plaintiff or witness in this action to immigration or other law enforcement authorities, threatening the same, or otherwise retaliating against any of the plaintiffs or witnesses for participating in this lawsuit." Dkt. No. 33 at 1.

## Recommendation

The Court should deny Plaintiffs' Motion for Protective Order [Dkt. No. 33] without prejudice to Plaintiffs' renewing a request for the relief that they seek on an appropriate showing.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon gourds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: November 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE