**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALFREDO LOPEZ, ET. AL.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-cv-2595-D** |
| | § | |
| **RELIABLE CLEAN-UP AND SUPPORT** | § | |
| **SERVICES, LLC, ET. AL.,** | § | |
| *Defendants,* | § | |

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Local Rule 7.1(f), Defendants file this brief in reply to Plaintiffs' Response to

Defendants' Motion for Summary Judgment and Supporting Brief (Docs. # 74 and 75):

**ARGUMENT AND AUTHORITY**

Plaintiffs did not even make the effort to prove up their case or file their papers on time.

They apparently hope to skate by the summary judgment phase with no competent or admissible

evidence, and a late-filed regurgitation of their throw-down motion pulled from a form file.  This

Court should hold Plaintiffs to the same standards of proof and preparation expected of all litigants.

One must wonder: why did Plaintiffs not address the admissibility issues in their briefing?

Why did they file the same arguments that were in their Motion for Partial Summary Judgment in

their Response here?   And why did they not even make the deadline?  Why did they not bother to

cross examine Luciano Santos, the bookkeeper, or even their own clients about any applicable

hearsay exception?

A likely inference is that they knew the records were laden with fraudulent entries.  The

few times Plaintiffs put such records in front of Luciano Santos, they were confronted with specific

and credible testimony that they fabricated the time it took to complete the jobs.  *See*, DEFENDANTS

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, pp. 7-11 (hereinafter "Defendants' Summary Judgment Brief").  Instead of continuing to confront an onslaught of evidence that each of the records were false, they chose to ignore the problem and simply refer to cherry-picked parts of the papers -- without any prove up.  *See* PLAINTIFFS' APPENDIX (Doc. #63).  They rely on the same filing in their response here.  Either Plaintiffs simply cannot muster proof that the records are reliable, or they simply do not care.  They do not request additional time to prove them up.  They don't even file the response on time.  Instead they roll the dice, hoping this Court will fail to uphold the rules of evidence and procedure.

## 1.   OBJECTION TO LATE FILED RESPONSE AND PURPORTED SUMMARY JUDGMENT EVIDENCE.

Defendants HEREBY OBJECT to consideration of any part of Plaintiffs' late filed response.  It is a nullity.  Defendants timely filed their Motion for Summary Judgment, Brief and Appendix (Doc's # 58, 59 and 60) on March 2, 2018, pursuant to this Courts' Order (Doc # 53).  Plaintiffs' Response was due 21 days thereafter, on March 23, 2018, pursuant to Local Rule 7.1(e).  Nevertheless, Plaintiffs filed their Response and their Brief in Support a day late, on March 24, 2018, (Doc's # 74 and 75).  Nor did they file an Appendix in Support of their response Brief as prescribed by Local Rule 7.1(i)(1) and (2).  For an additional two days, Plaintiffs delayed filing a Proposed Order (Doc # 76), further flaunting the customs and practice of this Court.   This Court should strike the response and brief as untimely filed and grant summary judgment.

Defendants also HEREBY OBJECT to all of Plaintiffs' purported summary judgment evidence.  The material cited to support Plaintiffs' contentions (that they worked overtime hours and that the requirements of FLSA have been met) cannot be presented in a form that would be admissible in evidence.  *See* Fed. R. Civ. P. (c)(2) and (c)(4).  All of Plaintiffs' documentary evidence is presented for the truth of the matters asserted therein and is hearsay.  Plaintiffs' have made no attempt to establish an exception to the hearsay rule by a qualified witness or other

allowable means.  *See*, DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, PP. 3-4 (Doc. #72) (hereinafter "Defendants' Response Brief").  The documentary evidence has been proven to be fraudulent and untrustworthy.  *Id*., pp. 4-10.  No attempt has been made to show otherwise.  The declarations are conclusory, and so laden with disjunctive qualification that they lack factual and legal sufficiency.  *Id*., pp. 1-2.  It does not appear that the Plaintiffs materially participated in the creation of the declarations or that they were effectively translated.  *Id*., pp. 1-3.  This Court should either strike the evidence or give it no weight.

## 2.  INCORPORATION BY REFERENCE.

Plaintiffs' Response incorporates by reference Plaintiffs' Brief in Support of Their Motion for Partial Summary Judgment" (Doc. #61).  They do so in a claimed effort to "avoid redundancy."  PLAINTIFFS' RESPONSE, p. 2, n.1.  It is more likely an effort to avoid work.  Plaintiffs also file no evidence with their response, again incorporating by reference, the "Appendix of Evidence" filed in support of their motion (Doc. #63).  But the un-proven papers and conclusory-sham declaration have already been shown to be inadmissible and of no weight whatsoever.  This Court should strike the late filed response and grant summary judgment due to non-opposition.  Nevertheless, the Court should consider DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. #72) and Appendix in support thereof (Doc. #73), which Defendants hereby incorporate.  Such incorporation by reference is necessary.  In a 10-page reply, it is practically impossible to deliver a full response to what is simply a restatement of their motion for partial summary judgment and a reference to its appendix.

In their response, Plaintiffs ignore that Defendants had already requested that this Court strike the exact same evidence.  In ignoring the objections, Plaintiffs continue in their failure to comply with the requirement in Fed. R. Civ. P 56 (c) that summary judgment evidence be

admissible.  *See*, Fed. R. Civ. P. 56(c).  This failure not only shows Plaintiffs' lack of diligence, it is fatal to their response here.

## 3.   THE RESPONSE WAS UNTIMELY AND SHOULD BE DISREGARDED.

Local Rule 7.1(e) states in part: "Time for Response and Brief – A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."  Plaintiffs have violated this Rule.  Their Response and Brief were due on March 23, 2018. They filed them on March 24, 2018.

Plaintiffs never attempted to obtain leave from this Court to file their Response and Brief late and out of time. This very District has strictly adhered to the Rules regarding untimely summary judgment responses.  *See, e.g. Schwarz v. Potter*, No. 1-04-CV-075-C, 2005 WL1148734 at * 1(N.D. Tex. May 16, 2005) (refusing to consider untimely summary judgment response filed without leave of court); *Nelson v. City of Watauga*, No. 4-03-CV-142-BE, 2004 WL 239748 at *1 (N.D. Tex. Jan. 13. 2004) (same).

Plaintiffs were aware of the 21-day deadline.  However, they knowingly chose to ignore it. Plaintiffs have failed to ask the Court for Leave to file their Response and Brief late/out of time, or for enlargement of time.  Plaintiffs until this date have neither asked nor consulted with Defendants whether Defendants would oppose the late filing.  Accordingly, Plaintiffs' response and brief should be stricken from the record as untimely filed and procedurally deficient.

## 4.   SUMMARY JUDGMENT EVIDENCE MUST BE ADMISSIBLE

One Federal District Court has summarized a well-recognized body of law in the Fifth Circuit:

> "**It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence.**" *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 191 (5th Cir.1991) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159 n. 19, 160, 90 S.Ct. 1598, 1609 n. 19, 1609, 26 L.Ed.2d 142 (1970)). In *Duplantis,* the Fifth Circuit held that an unauthenticated letter from the non-movant's expert witness was not sufficient to oppose summary judgment, and it was **"not the district court's duty to**

examine whether and how it might be reduced to acceptable form by the time of trial."
*Id.* at 192; *see also Travland v. Ector County, Texas,* 39 F.3d 319, 1994 WL 612342 at —
——4–5 (5th Cir.1994) (holding that **district court abused its discretion when it
considered unauthenticated, inadmissible memorandum as summary judgment
evidence because custodian or other qualified witness did not verify their reliability
required by Fed.R.Evid. 803(6)**); *Richardson v. Oldham,* 811 F.Supp. 1186, 1198
(E.D.Tex.1992) (striking unauthenticated police records and photographs from
consideration at summary judgment stage).

*Cameron v. Wall*, 2:09CV234KS-MTP, 2010 WL 4878705, at *4 (S.D. Miss. Nov. 24, 2010).

A. **THE DOCUMENTARY EVIDENCE IS NOT ADMISSIBLE**

All of the documents presented to the Court (Plaintiffs' Exhibits "A-1," "A-2," "B-1," "B-2," "C-1," "C-2," "E1," "E2," "F," and "G" from their summary judgment motion appendix) are either pay stubs, weekly summaries, project/time sheets, and payroll summaries. They are all hearsay. They are used solely to prove the truth of the matters asserted, (employment status, time worked, overtime worked). One can scour the record in this case and not find a single attempt to prove that any of the records meet a hearsay exception.

Moreover, they are inherently untrustworthy due to the testimony that they were fraudulently generated. Simply because they were produced by Plaintiffs or obtained and then produced by Defendants does not mean that they are admissible. The Defendants' book-keeper/accountants were subcontractors. L. SANTOS DEPOSITION, p. 35 (App. 20). No accountant/book-keeper has been deposed. The exception to the hearsay rule which likely applies is Federal Rule of Evidence 803(6) dealing with "**Records of a Regularly Conducted Activity**." The Rule requires proof that:

> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;

Fed. R. Evid. 803(6). None of this has been done. The matters must be proven through "the testimony of the custodian or another qualified witness, or by a certification…." *Id.* (subpart (D)).

This has not been done.   And even if all the above is proven, if the opponent shows that "…the source of information or the method or circumstances of preparation indicate a lack of trustworthiness…" then the documents are still inadmissible. *Id.* (subpart (E)).  Mr. Santos testified to precisely this.  The source of the information is the Plaintiffs.  The circumstances are that the records were falsified.  *See*, Defendants Brief in Support of Motion for Summary Judgment, pp. 7-11.  L. Santos Deposition, pp. 80-83, 89-90 (App. 22-23).   The time sheets were not generated by the Defendants.  *Id.* p. 81.  Independent contractor bookkeepers were identified (Tania, Andrea, Jackie and Martha).  *Id.* pp. 90-95.  No effort has been made to depose even one of them.

The Fifth Circuit has made it clear that a testimonial foundation must be had:

> However, as we have discussed, **PBT offered no witness that could attest to the authenticity of the Big Easy Mailer, and the foundation for Rule 803(6) was therefore lacking.** For example, no witness could establish that the mailer was "made at or near the time by, or from information transmitted by, a person with knowledge." Fed.R.Evid. 803(6); *see also Theriot v. Bay Drilling Corp.,* 783 F.2d 527, 533 (5th Cir.1986) (applying Rule 803(6)). Furthermore, PBT points to no indicia of trustworthiness relating to the Big Easy Mailer that might justify a more liberal application of Rule 803(6).

*Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 376 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (2010).  This Court has refused to consider summary judgment evidence that was not properly proven up through rule 803(6):

> Although its records custodian includes in her affidavit the required elements to establish the business records exception of Rule 803(6), she does so with respect to the documents in AT & T's summary judgment appendix. *See* P. App. 1 (referring to "[t]he attached records"). Included in the appendix are the summary charts, *see id.* at 43, 45, meaning that the records **custodian's testimony establishes that *the summaries themselves* are not hearsay, <u>but not that</u> *the underlying documents* that are summarized are not hearsay**.

*AT&T Corp. v. Vialink Co.*, CIV.A. 3:03-CV-1954D, 2005 WL 2007102, at *3 (N.D. Tex. Aug. 18, 2005) (Hon. Sidney Fitzwater) (emphasis added).  The failure had consequences as the Court refused to consider the summaries and concluded that "AT & T has not established beyond peradventure that viaLink owes $86,385.32." *Id.* at *4.

*See also, Moore v. United Parcel Serv., Inc.*, 150 Fed. Appx. 315, 318 (5th Cir. 2005) (noting failure to comply with Fed. R. Evid. 803(6) as basis for affirming District Court grant of summary judgment for defendant, stating "Since Moore did not provide the district court with any additional evidence, he has not raised a genuine issue of material fact."); *Karol v. Resolution Tr. Corp.*, 839 F. Supp. 14, 17 n. 2 (E.D. Tex. 1993) (finding affidavit insufficient to meet Rule 803(6) and giving it no weight); *Osorio v. Mathews Prime Meats, Inc.*, 101 F. Supp. 3d 255, 263 (E.D.N.Y. 2015) (**FLSA case** in which Court refused to rely on "about 100" documents because "there is no indication that the listing was composed 'in the ordinary course of business' and would, therefore, be admissible at trial as an exception to the rule against hearsay under Federal Rule of evidence 803(6)").

*cf.*, *Johnson v. Spohn*, 334 Fed. Appx. 673, 678 (5th Cir. 2009) (District Court did not abuse discretion in considering hospital records because witness testified as to elements of business records exception); *Middlebrooks v. AmSouth Bank*, 46 Fed. Appx. 225 (5th Cir. 2002) (Court of Appeals noted failure to object regarding Rule 803(6), as grounds for affirming trial court having considered records); *Hallmark County Mut. Ins. Co. v. Ace Am. Ins. Co.*, 283 F. Supp. 3d 559, 567 (W.D. Tex. 2017) (rental agreement properly proven through declaration as "business record under Federal Rules of Evidence 803(6) and 902(11)" was "therefore admissible summary judgment evidence."); *BMW Fin. Services, NA, LLC v. Rio Grande Valley Motors, Inc.*, CIV.A. M-11-292, 2012 WL 4623198, at *2 (S.D. Tex. Oct. 1, 2012) (allowing 100 pages of records as summary judgment evidence because custodian of records "attested that the records meet the requirements for admission" per "Federal Rule of Evidence 803(6) as an exception to the hearsay rule").

B.  **THE DECLARATIONS ARE INADMISSIBLE OR OF NO WEIGHT**

The bogus and identical declarations are conclusory.  Paragraphs 7, 8 and 9 of all three declarations are the only parts therein dealing with time keeping.  *See*, HIGHLIGHTED LOPEZ,

ZAVALA AND HUESCA DECLARATIONS, (Appendix in Support of Defendants' Response Brief, pp. 2-10 (Doc. #73). These paragraphs say virtually nothing to support the failure to pay "overtime." Instead they simply discuss hourly rates and then describe the un-proven hearsay records in conclusory terms. *Id.* They conclude that the word "other" in the paystubs is indicative of overtime:

> …my overtime hours were reported as a lump sum designated as "other," but which was the product of my regular hourly rate multiplied by the number of hours over 40 that I worked and reported on my timesheet.

*Id.* ¶ 8. That is it. That is all. This simply proves that the Declarant can read and give his opinion as to what the word "other" means in an *inadmissible document*. Moreover, the declarations were obviously drafted by opposing counsel, are identical, lack proper evidence of translation, and are suspect themselves. *See*, DEFENDANTS' RESPONSE BRIEF, pp. 1-10 (Doc. #72). There is credible evidence that the time sheets were manually fabricated. **There was no time clock stamp.** Neither the pay stubs nor the time sheets have been proven up – and the kind of conclusory mathematics shown in the declarations is insufficient to create a fact issue in an FLSA case. *See Gatto v. Mortgage Specialists of Illinois, Inc.*, 442 F. Supp. 2d 529, 536 (N.D. Ill. 2006) (inadmissible documents plus unspecific affidavit claiming work of more than 40 hours per week was "not sufficient to create a genuine issue of fact").

## 5.  THE ECONOMIC REALITY TESTS SHOWS INDEPENDENCE.

For the most part, Plaintiffs' entire argument consists of claiming "blatant misclassification" of independent contractor status and regurgitating their Motion. But hyperbole is no substitute for evidence. Plaintiffs simply ignore the evidence and argument presented in response. *See*, DEFENDANTS' RESPONSE BRIEF, pp. 10-21 (Doc. #72). The irrefutable evidence shows that in economic reality they were subcontractors. Lacking space for a full refutation, an example of Plaintiffs' methods is instructive. On pages 4 and 5 of their response, Plaintiffs claim

that the sworn, cross examined, and transcribed testimony of Mr. Santos is somehow trumped by the Plaintiffs' "detailed testimony" that they were supervised:

> With regard to the parties' respective levels of control over the Plaintiffs work, Defendants rely only on the self-serving testimony of Luciano Santos, who claims that Plaintiffs set their own schedules and that Defendants "did not even 'check their work.'" (Doc. # 59, 16.) **This is in *direct contrast* to the <u>Plaintiffs' detailed testimony</u>** about how Daniel and Luciano Santos, **<u>as well as</u>** other Reliable employees **<u>and</u>** other employees of companies that contracted Reliable, set their work schedules and closely supervised the Plaintiffs' work. (Doc. # 62, 7-8.)

PLAINTIFFS' RESPONSE, pp. 4-5 (Doc. # 75) (emphasis added). But this paragraph is a misrepresentation. The citation of "Doc. #62, 7-8" is not to "detailed testimony" but to two pages of their Partial Summary Judgment Motion Brief. *See*, Doc. #62, 7-8. Those two pages do not discuss "detailed testimony," but rather the bogus declarations. And even more deceptive is Plaintiffs' use of the conjunctive "as well as" and "and" in the paragraph above. The portions of the declarations referenced actually use the disjunctive word "or," which renders the statement useless to show Defendants controlled anything:

> 5.    Most of the days of my work, for at least for part of the day, either Daniel or Luciano Santos, or other Reliable employees, or other employees of companies that contracted Reliable, were personally present supervising my work and instructing me what to do and how to do it.

ALFREDO LOPEZ DECLARATION, p. 1, ¶5. (App. 2). **The statement above is true even though Defendants have never supervised the Plaintiffs. It is not in "direct contrast" to Mr. Santos testimony that he never supervised them – it is perfectly consistent -- and it is now undisputed that Mr. Santos did not supervise Plaintiffs.** This Court should not tolerate such misrepresentation. Summary Judgment should be granted.

*See*, *In re DeVoll*, 266 B.R. 81 (Bankr. N.D. Tex. 2001) (trial court refused to apply a bankruptcy discharge because the factual finding necessary to do so was based on the use of the

disjunctive word "or" in the jury charge):*United States v. Edwards*, 303 F.3d 606, 641 (5th Cir. 2002) (conviction reversed when disjunctive legal theories, one of which was legally insufficient, were submitted to the jury, and it was impossible to tell which ground the jury selected).

## 6.  OTHER FLSA CASE REQUIREMENTS

As to the preconditions for an FLSA case, due to space limitations, Defendants refer this Court to DEFENDANTS' RESPONSE BRIEF, (Doc. #72) and the Appendix in support thereof (Doc. #73).  Plaintiffs are not employees.  *Id*.  There is no basis whatsoever for holding the individual Defendants liable.  *Id*.  The Corporate Defendants have not even been proven to be FLSA employers.  *Id*.  There is no evidence of interstate commerce.  *Id*.

**PRAYER**

WHEREFORE, Defendants pray that this Honorable Court STRIKE from the record Plaintiffs' summary judgment response and brief as untimely filed and procedurally deficient; RULE that Plaintiffs have conceded to Defendants' motion for summary judgment; GRANT Defendants' motion for Summary Judgment; DISMISS Plaintiffs' claims in their entirety; AWARD Attorney's fees necessary to prepare this Reply (to be proven at a separate Hearing hereby requested); and GRANT any relief to which the Court determines Defendants are justly entitled.

Most Respectfully Submitted,

ARMANDO P. DURAN, PLLC

By: /s/ Armando P. Duran
**Armando P. Duran**, *Esq.*
SBN:  00793657
P. O. Box 516
Alamo, Texas 78516
T. (956) 781-2299 F. (888) 781-1093
*apduran@rgv.rr.com*
*ATTORNEY FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I, the undersigned Counsel, hereby certify that on this 6th day of April, 2018, I have forwarded a copy of this instrument to all counsel of record, via the electronic case filing system, as prescribed by law.

/s/ Armando P. Duran
Armando P. Duran
